IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESHAUN STATEN,

                Plaintiff,                      OPINION AND ORDER

   v.                                                         20-cv-219-wmc

STACEY L. HOEM and
SCOTT RUBIN-ASCH,

                Defendants.

---

This court previously granted *pro se* plaintiff Deshaun Staten leave to proceed on Eighth Amendment deliberate indifference, First Amendment retaliation, and Wisconsin negligence claims against defendants Stacey L. Hoem and Scott-Rubin Asch, mental health care professionals then working at the Wisconsin Secure Program Facility ("WSPF"), arising out of their alleged cancellation of his 2017 referral to the Wisconsin Resource Center ("WRC") for more intensive treatment.[1]  Now before the court is defendants' motion for summary judgment on the ground that Staten failed to exhaust his administrative remedies with respect to these claims.  (Dkt. #27.)[2]  For the reasons that follow, the court will grant defendants' motion and dismiss Staten's claims without prejudice.

---

[1] Although Staten is currently incarcerated at Columbia Correctional Institution ("Columbia"), all of the events at issue here took place while Staten was incarcerated at WSPF.

[2] Staten also filed a renewed motion to amend his complaint.  (Dkt. #34.)  However, Staten's proposed amendment does not add any new allegations; rather, he simply proposes to omit allegations of retaliation.  Accordingly, the court denies that motion as unnecessary.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including:  (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve a grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case.  *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

In Wisconsin, prisoners start the administrative process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the

occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.0(6).³ Further, the inmate complaint must "clearly identify the issue" that the inmate seeks to raise. *Id.* § 310.09(1)(e).

In response, ICE may reject a complaint, § 310.11(5), in which case the inmate may appeal a rejected complaint to the appropriate reviewing authority within ten days. *Id.* § 310.11(6). If the offender complaint is not rejected, ICE makes a recommendation to the reviewing authority, *id.* §§ 310.11(1)-(4), whose reviewing decision -- if adverse to the inmate -- can also be appealed to the Corrections Complaint Examiner ("CCE"). §§ 310.12, 310.13. Absent good cause, an appeal to the CCE must similarly be made within ten days. § 310.13(1)-(2). The CCE then makes a recommendation to the DOC secretary, who takes final action. §§ 310.13(6), 310.14.

In this case, defendants concede that on October 30, 2018, Staten filed an inmate complaint alleging that defendant Rubin-Asch denied him mental health service, WSPF-2018-22721. (Davidson Decl., Ex. 101 (dkt. #29-2) 12.) However, defendants argue that this inmate complaint did not alert prison officials to a complaint that Rubin-Asch cancelled his WRC referral; rather, in his complaint, Staten alleged that Rubin-Asch failed to schedule an appointment with him after he was released from observation status. (*Id.*) In fairness, Staten also alleged that defendant Hoem told him he had an appointment with Rubin-Asch, but an appointment had not been scheduled. Significantly, however, Staten did not raise a concern that either Rubin-Asch or Hoem had cancelled his referral to WRC,

---

³ On April 1, 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect. For purposes of this order, however, the court refers to the December 2014 version of Wis. Admin. Code ch. DOC 310, which was in effect in 2017, when Staten's claims arose.

and he certainly did not allege that the cancellation was in any way associated with Staten engaging in protected activity. Moreover, it is undisputed that when the ICE dismissed his claim, Staten failed to file a timely appeal. (*Id.* at 7-8, 17-18.) As such, defendants' position is that although Staten filed several inmate complaints in 2017 and 2018, he did *not* "clearly identify" his issue with the cancelled referral to WRC, and he certainly did not exhaust his administrative remedies for that claim.

Between his two opposition briefs (dkt. ##35, 36), Staten raises two general arguments in opposition: (1) he was prevented from filing an inmate complaint about the cancellation of his WRC transfer; and (2) that he did, indeed, raise the cancellation through other inmate complaints. Setting aside the fact that Staten's positions are contradictory, neither saves his claims from dismissal.

*First*, Staten suggests that he was unable to file an inmate complaint about the cancelled transfer because he only had access to a crayon while in observation status, and because his inmate complaints were limited to raising just one issue. However, Staten does not explain how a complaint about a cancelled transfer to WRC would run afoul of the "one issue" requirement, nor why he could not use his crayon to fill out the inmate complaint form or file a complaint as soon as he was released. Regardless, his belief that an inmate complaint may be rejected or unsuccessful does not excuse him from following Wisconsin's exhaustion requirement. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.") (citations omitted).

Additionally, to the extent Staten is asserting that prison officials somehow *prevented*

4

him from filing an inmate complaint at all, he may be invoking the principle that the grievance system was rendered unavailable to him, which may excuse a prisoner's failure to exhaust administrative remedies.  *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance through machination, misrepresentation, or intimidation").  However, Staten has not attested that any WSPF staff member said or did anything that actually prevented him from properly exhausting his claim that defendants cancelled his transfer to WRC; nor could he given the number of other complaints he was able to file during the same time frame.  Accordingly, Staten cannot avoid judgment on the ground that he was unable to pursue an inmate complaint challenging defendants' cancelation of his transfer to WRC.

*Second*, although clearly contradictory, the court turns to Staten's alternative argument that he *did* exhaust this claim.  Between his two opposition briefs, Staten lists eleven inmate complaints that he submitted between 2018 and 2019.  (*See* dkt. #35, at 3; dkt. #32, at 1.)  Staten does not elaborate on the substance of his allegations in these 11 inmate complaints, nor does he attest that he completed the exhaustion process for any of these complaints through appeal under the Wisconsin Administrative Code outlined above.  Regardless, in reply, defendants submitted copies of the actual inmate complaints, and in *none* did Staten raise a concern about a cancelled transfer to WRC in 2017.

To start, the inmate complaints Staten filed in 2016 raised no concern about a cancelled transfer, much less a cancelled transfer to WRC (WSPF-2016-14773, related to missing property, and WSPF-2016-25613, related to placement in observation status).

The same is true of the remaining nine inmate complaints Staten cites. Rather, in those other complaints, Staten complained about: false placement in observation status (WSPF-2017-876); a threat that he would be removed from observation status (WSPF-2017-19047); staff failing to prevent him from committing self-harm (WSPF-2018-8714); staff failing to protect him (WSPF-2018-19785); a challenge to the amount of time he was placed in restraints (WSPF-2019-1423); a claim that non-defendant Lemieux removed his property from observation status (WSPF-2019-1826); a claim that another non-defendant, Dr. Schwenn, ignored statements of self-harm (WSPF-2019-4146); a denial of an off-site appointment while in observation status (WSPF-2019-10106); and a challenge to cell placement while in observation status (WSPF-2019-13631). Finally, Staten references WSPF-2018-22721, which the court already addressed above and requires no further discussion.

As such, Staten has not established a genuine, material dispute of fact regarding his failure to exhaust available administrative remedies with respect to his claims in this lawsuit, and the court must grant defendants' motion for summary judgment. While dismissal of plaintiff's claims is without prejudice for lack of subject matter jurisdiction, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), the dismissal functions as one with prejudice since it is too late for Staten to exhaust his claim now, approximately three years after defendants allegedly cancelled his transfer to WRC. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. #27) is GRANTED, and Staten's claims in this lawsuit are DISMISSED without prejudice.

2. Plaintiff Deshaun Staten's motion to amend (dkt. #34) is DENIED.

3. Plaintiff's motion for assistance in recruiting counsel (dkt. #21) is DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 11th day of January, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge